# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:19-cv-10695-KAR

|  |  |
|---|---|
| ERNEST J. CARDILLO, JR.,<br>     Plaintiffs, | ) |
|  | ) |
|  | ) |
| vs. | ) |
|  | ) |
| TOWN OF STOCKBRIDGE, | ) |
| STOCKBRIDGE SELECT BOARD, | ) |
| DONALD M. CHABON, and | ) |
| TERENCE R. FLYNN, in their Official, | ) |
| Capacity as Selectman, | ) |
|      Defendants. | ) |

## DEFENDANT, TOWN OF STOCKBRIDGE'S, ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

QUESTION

1. Please identify the person answers (sic) these interrogatories and any and all persons that assisted in answering these interrogatories, including the following information:

   a. Name;
   b. Address;
   c. Position in the town (if applicable); and
   d. any and all help received in answers these interrogatories.

ANSWER

OBJECTION. Defendant objects to this interrogatory on the grounds that it seeks the home address of a public employee, which is not a matter of public record. See M.G.L. c. 4, § 7(26)(o).

Without waiving the foregoing objection and withholding my home address, Mark Webber, Interim Town Administrator. I am answering these interrogatories on behalf of the Town of Stockbridge as its authorized representative and not based on my personal knowledge. Counsel for the Town gathered information and assisted me in answering these interrogatories.

QUESTION

2.      Please state, the date of hire of Ernest J. Cardillo Jr. and include:

        a.      whether or not there was an employment contract;
        b.      what position was Mr. Cardillo hired for;
        c.      what was his rate of pay;
        d.      how many hours was the obligation a week;
        e.      identify any benefits package;
        f.      identify any retirement package; and
        g.      identify any and all continuing education or accreditation classes provided by the Town.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections or withholding information on the basis of same, pursuant to Federal Rule of Civil Procedure 33(d) see the document attached hereto as Exhibit 2.

QUESTION

3.      Please state the terms of the Town of Stockbridge's fire chief employment contract and identify:

        a.      the requirements for employment;
        b.      the length of the employment contract;
        c.      what the basis is, if any, is required for termination of the contract; and
        d.      what is the discipline procedure, if any.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering the parties' relative access to relevant information.

Without waiving the foregoing objections or withholding information on the basis of same, as to plaintiff's last employment contract with the defendant, Town of Stockbridge (the "Town"), pursuant to Federal Rule of Civil Procedure 33(d) see Exhibit 3 to

Defendant, Town of Stockbridge's, Response to Plaintiff's First Request for Production of Documents.

## QUESTION

4.　　Please identify the person or persons who would have be responsible for the hiring of Ernest J. Cardillo Jr., as fire chief.

## ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections or withholding information on the basis of same, the Town's Board of Selectmen ("Board") appoints the Town's Fire Chief. Plaintiff's last reappointment as Fire Chief was made by former Board members Donald M. Chabon and Terence R. Flynn.

## QUESTION

5.　　Please explain the contract renewal process and identify who would approve the employment contract extension for the fire chief.

## ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections or withholding information on the basis of same, plaintiff's last appointment as Fire Chief was made by Board members Donald M. Chabon and Terence R. Flynn.  Further answering, pursuant to Federal Rule of Civil Procedure 33(d), please see the document attached hereto as Exhibit 5.

QUESTION

6.    Please state in detail the town's disciplinary procedures for any town employee's (sic) and include:

      a.    how is the disciplinary complaint received and processed;
      b.    who investigates the allegations;
      c.    who determines the appropriate punishment, if any; and
      d.    does the town consult with the town's counsel on all disciplinary matters.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

Defendant further objects to this interrogatory on the ground that it rests on a false premise.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

The defendant further objects to this interrogatory on the grounds that it seeks information or documents which constitute the work product of the defendant or its attorneys and other representatives, calls for information or documents which are protected by the attorney-client privilege, seeks information or documents which were prepared in anticipation of litigation and/or for trial and seeks information or documents which constitute the mental impressions, conclusions, opinions or legal theories of the defendant or its attorneys or other representatives.

Without waiving the foregoing objections and withholding the disciplinary procedures "for any" employee of the Town, the disciplinary procedures applicable to plaintiff as of the date of his termination as Fire Chief are as set forth in Exhibit 3 to Defendant, Town of Stockbridge's, Response to Plaintiff's First Request for Production of Documents, M.G.L. c. 48, § 42, and M.G.L. c. 30A, § 21(a)(1).  The Town consulted with Town Counsel with respect to the discipline imposed upon plaintiff.

QUESTION

7.    Please describe, in full and complete detail, any and all communications received by the town regarding the termination of Ernest Cardillo:

      a.    when such communication took place;
      b.    the individual(s) present to said communications;
      c.    whether such communications were in writing, in person, over the phone, or otherwise; and

       d.     the substance of what was said in such communications.

ANSWER

OBJECTION. The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

The defendant further objects to this interrogatory on the grounds that it seeks information or documents which constitute the work product of the defendant or its attorneys and other representatives, calls for information or documents which are protected by the attorney-client privilege, seeks information or documents which were prepared in anticipation of litigation and/or for trial and seeks information or documents which constitute the mental impressions, conclusions, opinions or legal theories of the defendant or its attorneys or other representatives.

Without waiving the foregoing objections and withholding documents, if any, protected by the attorney-client privilege, the work product doctrine, or which were prepared in anticipation of litigation, pursuant to Federal Rule of Civil Procedure 33(d) please see the Exhibits 1 and 4 to Defendant, Town of Stockbridge's, Response to Plaintiff's First Request for Production of Documents. Further answering, see Automatic Disclosure of the Defendants at Exhibit 21.

QUESTION

8.    Please state the town's need for a fulltime fire chief in 2012.

ANSWER

OBJECTION. The defendant objects to this interrogatory on the grounds that it is vague, overly broad, and seeks information that is not relevant to any party's claim or defense.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections or withholding information on the basis of same, in or around 2011 the Town's part time Fire Chief/Fire Inspector stepped down. Plaintiff initially assumed the position of part time Fire Chief/Fire Inspector, while retaining outside employment by Country Curtains in Lee, Massachusetts. The previous Fire Chief/Fire Inspector was a member of the Town's police department and was in the

Town during the day.  The previous Chief/Fire Inspector also did inspections when not working for the police department.  When plaintiff took over as part time Chief/ Fire Inspector, the need for inspections was increasing and plaintiff was unable to meet the need in a part time role.  The Town was presented with the question of whether to hire a part time Fire Inspector or to hire a full time Fire Chief/Fire Inspector who could also provide daytime coverage for the Fire Department.  The Board decided to hire a full time Fire Chief/Fire Inspector.

QUESTION

9.      Please state why the town hired Ernest J. Cardillo Jr. to be the full-time fire chief in 2012 and explain the basis for the renewal of his contract for an additional three years.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections or withholding information on the basis of same, as to why the Town hired Ernest J. Cardillo Jr. to be the full-time fire chief in 2012, please see the answer to interrogatory number 8 above.  Plaintiff's contract was renewed on or about March 14, 2018, for an additional three year term because the purchasing scam that plaintiff fell prey to and failed to disclose over a period of years had not yet been discovered, and based on the information available at the time plaintiff's job performance was sufficient to renew his contract.

QUESTION

10.     Please identify the Town of Stockbridge's retirement pension plan for municipal employees and state the following:

a. when does the pension vest in the employee;
b. what municipal positions qualify to receive a pension;
c. what is included in pension; and
d. who makes decisions regarding the town pension.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it is vague, overly broad, unlimited in time and scope, and seeks information that is not relevant to any party's claim or defense.

639906

The defendant further objects to this interrogatory on the grounds that it exceeds the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1) because it imposes a burden upon the defendant that is disproportionate to the needs of the case, considering: the parties' relative access to relevant information; the importance of the discovery in resolving the issues; and that the burden or expense of the proposed discovery outweighs its likely benefit.

Without waiving the foregoing objections or providing information that is equally available to plaintiff, the Berkshire County Retirement System administers the pension system for the employees of the Town.

QUESTION

11.    Please identify all witnesses you intend to call at trial and explain the nature and extent of their testimony.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it seeks information or documents which constitute the work product of the defendant or its attorneys and other representatives, calls for information or documents which are protected by the attorney-client privilege, seeks information or documents which were prepared in anticipation of litigation and/or for trial and seeks information or documents which constitute the mental impressions, conclusions, opinions or legal theories of the defendant or its attorneys or other representatives.

In further objecting, no determination has yet been made as to witnesses that may be called at trial on behalf of the defendant.  This answer will be supplemented in a timely fashion in accordance with the Federal Rules of Civil Procedure and/or any order of the Court.

QUESTION

12.    Please identify all expert witnesses you intend at call to trial and explain the nature and extent of their testimony.

ANSWER

OBJECTION.  The defendant objects to this interrogatory on the grounds that it seeks information or documents which constitute the work product of the defendant or its attorneys and other representatives, calls for information or documents which are protected by the attorney-client privilege, seeks information or documents which were prepared in anticipation of litigation and/or for trial and seeks information or documents which constitute the mental impressions, conclusions, opinions or legal theories of the defendant or its attorneys or other representatives.

In further objecting, no determination has yet been made as to witnesses that may be called at trial on behalf of the defendant.  This answer will be supplemented in a timely fashion in accordance with the Federal Rules of Civil Procedure and/or any order of the Court

Signed under the pains and penalties of perjury this *10th* day of *August*, 2020.

Town of Stockbridge, Massachusetts
By Its Duly Authorized Representative

_____
Mark Webber, Interim Town Administrator

**AS TO OBJECTIONS:**

By _____
David S. Lawless, Esq.,
dlawless@robinson-donovan.com
Direct Fax (413) 452-0370
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301
BBO # 664754

## CERTIFICATE OF SERVICE

I, David S. Lawless, Esq., hereby certify that on this *20th* day of August 2020, I served a copy of the above upon the parties in the action by emailing pursuant to the Supreme Judicial Court's March 30, 2020, Order Concerning Email Service in Cases Under Rule 5(b) of Mass. Rules of Civil Procedure, to counsel and parties:

Elizabeth J. Quigley, Esq.
Law Office of Elizabeth J. Quigley
Henry Avenue Professional Building
Pittsfield, MA  01201
kel.quigley@verizon.net

*Subscribed under the penalties of perjury.*

_____
David S. Lawless

639906

# EXHIBIT 2

Fire Chief Contract

AGREEMENT made this day of July 1, 2012, by and between the Board of Selectmen of the Town of Stockbridge, hereinafter referred to as the "Town" and Ernest J. Cardillo, herein after referred to as the "Chief".

WHEREAS, the Town is desirous of securing the services of a full-time Fire Chief; and

WHEREAS, Ernest J. Cardillo is willing to perform the duties of the position of Fire Chief according to the terms and conditions of this contract;

NOW, THEREFORE, the Town and Ernest J. Cardillo hereby agree that the following terms and conditions shall govern the salary and fringe benefits payable under this contract to which said Ernest J. Cardillo shall be entitled as Fire Chief.

1. **DUTIES**

The Chief of the Fire Department shall be responsible for the administration of the Fire Department.

The Chief's duties shall consist of all essential functions of a Fire Chief, including, but not limited to the following:

A. Supervision and management of the daily operation of the Fire Department.

B. Supervision and management of the departmental personnel, including voluntary firefighters and EMTs.

C. Preparation and submission of the Fire Department budget.

D. Preparation and submission of reports to the Town either orally or in writing when requested or required in order to ensure the proper communication between the Town and the Fire Department.

E. Managing and accounting of all departmental expenditures, as well as the receipt of funds and property in the custody of the Fire Department.

F. Supervision, management and control of all Department equipment and motor vehicles belonging to or used by the Fire Department.

G. The procurement of uniforms and equipment and the preparation of vehicle specifications for the Fire Department.

H. Maintain the discipline of department personnel; prepare rules, regulations, policies and procedures (S.O.P's) and (S.O.G's); and assign tours, shifts and duties of all departmental personnel.

I.   Being available for hearings before any board of the Town of Stockbridge at which the Fire Department is required to appear and before Annual Town Meeting or any other Special Town Meetings.

J.   Act as Deputy Emergency Management Director.

K.   Attend Regional Emergency Management meetings related to Emergency Planning.

**2.   HOURS OF WORK**

The Chief agrees to devote that amount of time and energy that is reasonably necessary for the Chief to faithfully perform the duties of Fire Chief under this contract.  The Chief will keep office hours Monday through Friday from 7:00 a.m. until 3:30 p.m.

**3.   INDEMNIFICATION**

The Town agrees that it shall defend, save harmless and indemnify the Chief against any tort, professional liability claim or demand or other civil or criminal legal action, whether groundless or otherwise, arising out an alleged act or omission occurring in the performance of the Chief's duties as Fire Chief of the Town of Stockbridge consistent with the provisions of M.G.L. c. 258, §9.

**4.   HEALTH INSURANCE**

The Chief shall be eligible for all health and life insurance benefits for which other non-bargaining unit, general government employees are eligible.  The Town agrees to contribute towards the cost of such insurance programs an amount or percentage not less than the highest applicable amount or percentage available to others in the personnel plan.

**5.   DUES AND SUBSCRIPTIONS**

The Town agrees to budget and to pay for professional dues and subscriptions of the Chief for his continuation and full participation in national, regional, state and local associations and organizations necessary and desirable for his continued professional growth and advancement, and for the good of the Town, including but not limited to the International Fire Chiefs Association, New England Fire Chiefs Association, the Massachusetts Fire Chiefs and other applicable regional fire chief's associations.

**6.   AUTOMOBILE**

The Town shall reimburse the Chief for use of his personal vehicle in the course of his duties between the hours of 7:00 am and 3:30 pm at the current mileage rate set by the Internal Revenue Service for reporting income.

**7.   PROFESSIONAL DEVELOPMENT**

The Town recognizes its obligation to the professional development of the Chief and agrees that the Chief shall be given adequate opportunities to develop his skills and abilities as a fire service and public safety administrator; accordingly, the Chief will be allowed to attend classes to become a Fire Officer One, Inspector One and certified Emergency Medical Technician. The Chief will also attend Fire Science classes at Berkshire Community College. The Chief will be allowed to attend training conferences for further development, without loss of vacation or other leave, and will be reimbursed by the Town for all expenses incurred while attending or traveling to the conferences, with prior approval and as provided in the Town's budget. The Chief should be knowledgeable of the NPFA standards, especially, but not limited to the following: NFPA 1002, 1500, 1561, 1581, 1981, 1971, 1911, 1932, 1962, 471, 472, 101, 1021, 1040, 1403, and 1901.

8.  **DISCIPLINE AND DISCHARGE**

During the term of this contract it is agreed that the Chief may be disciplined or discharged only for just cause, upon proper notice, and only after a hearing at which the Chief shall have the right to be represented by counsel. The Chief shall have the option of choosing whether or not any such hearing shall be closed to the public or be held as an open or public hearing. The principle of progressive discipline will apply and the Town recognizes its obligation to provide the Chief with periodic performance evaluations.

9.  **COMPENSATION AND BENEFITS**

Subject to the terms and conditions of this contract, and while he/she is engaged as and performing the duties of Fire Chief, the Town agrees to pay the Chief for his services, subject to appropriation, the sum of $55,640 as annual salary for this contract. The Town shall review the performance of the Chief annually to determine the salary and renewal of this contract.

The Chief shall be entitled to 3 personal days, 3 bereavements days, and 15 sick days per year, and two weeks of vacation, health and life insurance and holidays as other employees of the Town.

10.  **NO REDUCTION OF BENEFITS**

The Town agrees that it shall not, at any time during the term of this contract, reduce the salary, compensation or other benefits of the Chief, except to the extent that such reduction is evenly applied across the board for general government employees of the Town.

11.  **MODIFICATION**

No change or modification of this contract shall be valid unless it is in writing and signed by both parties.

12.  **GOVERNING LAW**

This contract shall be construed and governed by the laws of the Commonwealth of Massachusetts.

## 13. SEVERABILITY OF PROVISIONS

If any clause or provision of this contract shall be determined to be illegal or unenforceable by a court or competent jurisdiction, the remainder of this contract shall not be affected thereby.

## 14. LENGTH OF CONTRACT

The term of this contract shall be for a period commencing July 1, 2012 and ending June 30, 2013. Each year thereafter, the Chief and the Board of Selectmen will renegotiate this contract. In the event the Chief intends to resign voluntarily before the expiration of any term of employment, then the Chief shall give the Town thirty (30) days written notice, in advance, and unless both parties otherwise agree in writing, the Chief will be entitled to receive pay for any accrued but unused leave. In the event both parties agree to terminate this contract before its expiration, the Chief shall receive a lump sum payment equivalent to thirty (30) days salary and will be entitled to receive pay for any accrued but unused leave.

IN WITNESS THEREOF, the parties hereto have signed and sealed this Agreement as of the day of Feb 1 , 2013.

FIRE CHIEF

Ernest J. Cardillo, Jr.
Fire Chief

BOARD OF SELECTMEN

Deborah McMenamy

Stephen Shatz

Charles Gillett

# EXHIBIT 5

Fire Chief Contract

AGREEMENT made this _3_ day of _August_, 2015, by and between the Board of Selectmen of the Town of Stockbridge (the "Town") and Ernest J. Cardillo (the "Chief").

WHEREAS, the Town is desirous of securing the services of a full-time Fire Chief; and

WHEREAS, Ernest J. Cardillo is willing to perform the duties of the position of Fire Chief according to the terms and conditions of this contract;

NOW, THEREFORE, the Town and Ernest J. Cardillo hereby agree that the following terms and conditions shall govern the salary and fringe benefits under this contract to which said Ernest J. Cardillo shall be entitled as Fire Chief.

1.     **DUTIES**

The Chief of the Fire Department shall be responsible for the administration of the Fire Department.

The Chief's duties shall consist of all essential functions of a Fire Chief, as specified in *M.G.L.* c. 48, §42, including, but not limited to the following:

A.     Supervision and management of the daily operation of the Fire Department.

B.     Supervision and management of departmental personnel, including voluntary firefighters and EMTs.

C.     Preparation and submission of the Fire Department budget.

D.     Preparation and submission of reports to the Town either orally or in writing when requested or required in order to ensure proper communication between the Town and the Fire Department.

E.     Managing and accounting of all departmental expenditures, as well as the receipt of funds and property in the custody of the Fire Department.

F.     Supervision, management and control of all Department equipment and motor vehicles under the care, custody, or control of the Fire Department.

G.     Procurement of uniforms and equipment as necessary for personnel's performance of their firefighting duties only.

H.     Preparation of vehicle specifications for the Fire Department.

I.     Maintaining the discipline of department personnel.

J.     Issuing orders, rules, regulations, policies and procedures (S.O.P.'s) and (S.O.G.'s); and assigning tours, shifts and duties of all departmental personnel.

K.     Being available for hearings before any board of the Town at which the Fire Department is required to appear and before Annual Town Meeting and any other Special Town Meetings.

L.     Preserving the integrity and professionalism of the Fire Department, including the prevention of alcohol consumption at Fire Department facilities.

**2.    HOURS OF WORK**

The Chief agrees to devote that amount of time and energy that is reasonably necessary for the Chief to faithfully perform the duties of Fire Chief under this contract. The Chief will keep office hours Monday through Friday from 7:00 a.m. until 3:30 p.m.

**3.    INDEMNIFICATION**

The Town agrees that it shall defend, save harmless, and indemnify the Chief against any tort, professional liability claim or demand or other civil or criminal legal action, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of the Chief's duties as Fire Chief of the Town of Stockbridge consistent with the provisions of *M.G.L.* c. 258, §9.

**4.    HEALTH INSURANCE**

The Chief shall be eligible for all health and life insurance benefits for which other non-bargaining unit, general government employees are eligible. The Town agrees to contribute towards the cost of such insurance programs an amount or percentage not less than the highest applicable amount or percentage available to others in the personnel plan.

**5.    DUES AND SUBSCRIPTIONS**

The Town agrees to budget and to pay for professional dues and subscriptions of the Chief for his continuation and full participation in national, regional, state, and local associations and organizations necessary and desirable for his continued professional growth and advancement, and for the good of the Town, including but not limited to the International Fire Chiefs Association, New England Fire Chiefs

Association, the Massachusetts Fire Chiefs, and other applicable regional fire chiefs' associations.

6. **AUTOMOBILE**

The Town shall provide the Chief with a vehicle for use in the performance of his duties as Fire Chief and his professional growth and development. Such vehicle may not be used for any prohibited purpose, including for any election-related political activity. The Town will pay for all operating and maintenance expenses of the vehicle.

During any time in which the Town-provided vehicle is out of service due to maintenance or repair, the Town shall reimburse the Chief for use of his personal vehicle in the course of his duties at the current mileage rate set by the Internal Revenue Service for reporting income.

7. **PROFESSIONAL DEVELOPMENT**

The Town recognizes its obligation to the professional development of the Chief and agrees that the Chief shall be given adequate opportunities to develop his skills and abilities as a fire service and public safety administrator; accordingly, the Chief will be allowed to attend classes to become a Fire Officer One, Inspector One, and certified Emergency Medical Technician. The Chief will attend classes at the Fire Academy to acquire updated knowledge within his position. The Chief will be allowed to attend training conferences for further development, without loss of vacation or other leave, and will be reimbursed by the Town for all expenses incurred while attending or traveling to the conferences, with prior approval and as provided in the Town's budget. The Chief should be knowledgeable of the NFPA standards, especially, but not limited to the following: NFPA 1002, 1500, 1561, 1581, 1981, 1971, 1911, 1932, 1962, 471, 101, 102, 1021, 1040, 1403, and 1901.

8. **DISCIPLINE AND DISCHARGE**

During the term of this contract it is agreed that the Chief may be disciplined or discharged only for just cause, upon proper notice, and only after a hearing at which the Chief shall have the right to be represented by counsel. The Chief shall have the option of choosing whether or not any such hearing shall be closed to the public or be held as an open or public hearing. The principle of progressive discipline will apply and the Town recognizes its obligation to provide the Chief with periodic performance evaluations.

3

During the term of this Agreement, the Town may execute an Intermunicipal Agreement to consolidate some or all of its public safety functions with other towns. In the event that such consolidation occurs with respect to a significant portion of the services presently provided by the Fire Department, the Town may terminate the Fire Chief upon at least ninety (90) days' notice, and this Agreement shall become null and void.

9.     **COMPENSATION AND BENEFITS**

Subject to the terms and conditions of this contract, and while he/she is engaged as and performing the duties of Fire Chief, the Town agrees to pay the Chief for his services, subject to appropriation, an increase over the sum of $57,888 which was the annual salary for FY '15. The Town shall review the performance of the Chief annually and to determine the salary, but in no event shall the percentage increase of the Fire Chief's salary be less than any percentage increase in salary received by any other Town employee.

The Chief shall be entitled to 3 personal days, 3 bereavement days, and 15 sick days per year, and two weeks of vacation, health and life insurance and holidays as other employees of the Town.

10.    **NO REDUCTION OF BENEFITS**

The Town agrees that it shall not, at any time during the term of this contract, reduce the salary, compensation, or other benefits of the Chief, except to the extent that such reduction is evenly applied across the board for general government employees of the Town.

11.    **INTERDEPARTMENTAL INTERACTIONS**

All Town employees must strive to support each other's decisions and management. Disparagement and public critique of other Town employees will not be tolerated. Complaints or concerns regarding the actions, statements, or management style of other Town employees are to be directed only to the Chairman of the Board of Selectmen in a confidential communication.

12.    **MODIFICATION**

No change or modification of this contract shall be valid unless it is in writing and signed by both parties.

13.    **GOVERNING LAW**

4

This contract shall be construed and governed by the laws of the Commonwealth of Massachusetts.

14.  **SEVERABILITY OF PROVISIONS**

If any clause or provision of this contract shall be found invalid or unenforceable for any reason, such invalidity or unenforceability shall be construed as narrowly as possible and the balance of the contract shall be deemed to be amended to the minimum extent necessary to provide the parties substantially the benefits set forth herein.

15.  **LENGTH OF CONTRACT**

Subject to other provisions of this contract, the term of this contract shall be for a period commencing the date first above written and ending June 30, 2018. Each year thereafter, the Chief and the Board of Selectmen will renegotiate this contract. The Board of Selectmen shall give the Chief at least sixty (60) days written notice if it decides not to reappoint the Chief for a subsequent term for so long as he remains eligible for reappointment. In the event the Chief intends to resign voluntarily before the expiration of any term of employment, then the Chief shall give the Town thirty (30) days written notice, in advance, and unless both parties otherwise agree in writing, the Chief will be entitled to receive pay for any accrued but unused leave. In the event both parties agree to terminate this contract before its expiration, the Chief shall receive a lump sum payment equivalent to thirty (30) days salary and will be entitled to receive pay for any accrued but unused leave.

IN WITNESS THEREOF, the parties hereto have signed and sealed this Agreement as of the date first above written.

FIRE CHIEF

Ernest J. Cardillo, Jr.
Fire Chief

BOARD OF SELECTMEN

Charles Gillett

Stephen Shatz

5